**THE GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**NELSON RIVERA aka MILIAN RIVERA, Defendant**

Crim. No. 288-1973

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

April 24, 1975

MICHAEL, *Judge*

### OPINION

The defendant in this case is charged with maliciously and willfully, on Harwood Highway near Happy View Grocery, using vulgar and indecent language in a loud and boisterous manner in violation of Title 14 V.I.C. § 622(2).

The defendant filed a motion to dismiss the complaint on the ground that the section is unconstitutionally vague and broad and thereby violative of the constitutional guarantees of freedom of speech protected by the First and Fourteenth Amendments, which the attorney for the Government motions the court to deny. Both parties filed

Memoranda of Law, which the court has read. The court also read the transcript of the case and, after reading, is of the opinion that it speaks so loudly as to what took place and resulted in the defendant being charged, that it (the court) can scarcely hear what the well-written Memoranda of Law of the parties express in legal parlance.

The facts of the case as revealed by the transcript are as follows:

About 2:45 in the morning of June 27, 1973 near Happy View Grocery on Harwood Highway, three Police Officers "got as far as to Rivera's car", one of them, the brother of the defendant. Upon reaching the defendant, he asked them if they had some gas, to which they said they did not. He then asked for a ride to the gas station, but was refused. Thereafter, Renaldo Rivera, the defendant's brother, went to speak to him about an incident the defendant had with Miss Watlington. As soon as the defendant's brother started to speak about it, the defendant requested him to leave. According to the testimony, the Police Officer insisted in speaking to him about the incident, and it was at this point the officer testified he used the words with which he is charged.

In answer to a question put to the officer by the court as to what he was insisting in telling him when he asked him to leave him alone, the officer replied that he was told by Lieutenant Hendricks to inform him that Miss Watlington will be filing charges in the morning for a disturbance at CVI.

According to the testimony of the defendant, he ran out of gas and asked the officers for some, and his brother, one of the officers, told him he was ashamed of him and went to the car and pulled his gun and walked up to him. He told his brother that he better leave him alone. Defendant admits using the words he is charged with, but claims "I just went off my mind".

4

The question before the court is, whether under the circumstances of the case, the defendant is guilty of the charge against him.

Here we have a defendant who asked for some gas and is badgered by an officer, his brother, informing him of charges which are to be filed against him. Immediately, the defendant requested him to leave. "He was yelling to leave him alone", according to the officer himself.

It appears to the court that the words used by the defendant under the circumstances were brought on by the two officers, his brother, a police officer, and the Lieutenant who sent his brother to inform him that a complaint was to be filed against him for some other alleged offense. Had the officers left him alone when they said they had no gas and they could not take him to the station, undoubtedly, nothing more would have taken place.

The court does not believe this case is one in which the constitutionality of the use of the words with which the defendant is charged arises. The evidence reveals that the matter was brought on by the two officers who confronted him with an alleged offense when he asked for some gas, and the insistence of his brother, one of the officers, in not adhering to his entreaties to leave him alone.

If the officers believed they had the authority to arrest the defendant for an offense concerning which they were told, and which the court believes they knew they did not, they should have acquiesced to his wishes in being left alone. The court does not mean they had any duty to walk away, but should have dropped the matter. It appears that their insistence, which was not within the scope of their duties, caused the defendant to use the words with which he is charged; that is, "maliciously and willfully . . . use vulgar and indecent language in a loud and boisterous manner, in violation of 14 V.I.C. § 622(2)."

5

However, there is nothing in the evidence which indicates that the defendant, although admitting the use of the words, is guilty of any offense under the statute. For him to be guilty, the words must be "maliciously and willfully" expressed. See 1 V.I.C. § 41.

Under the circumstances the court finds that the officers themselves brought on the situation complained of, and for which the defendant is charged. The case against him is therefore dismissed.